UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO GARGANO,　　　　　　　　　　　　　Case No. 23-10030

　　　Plaintiff,　　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　　United States District Judge

CITY OF GROSSE POINTE WOODS,

　　　Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 6) AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)

**I.　　PROCEDURAL HISTORY**

Plaintiff Mario Gargano, proceeding *pro se*, filed a complaint against the City of Grosse Pointe Woods Department of Public Safety on January 5, 2023. (ECF No. 1). The entirety of Plaintiff's statement of his claim is as follows:

> "Claim over $75,000 for leaving me homeless and eviction. The Defendants City of Gross Point woods [sic] Michigan Department of Public Safety sent officers to 2107 Allard Avenue on 11/22/22."

(*Id.*, PageID.5). Plaintiff requests the following relief:

> "Order payment over $75,000.00 I was left homeless and faced eviction Because I was Picked by two Police officers they beat me for about three minutes."

(*Id.*, PageID.6).

Plaintiff filed an initial application to proceed *in forma pauperis* on January 5, 2023. (ECF No. 2). His application was denied by Judge Mark A. Goldsmith on January 17, 2023, for a failure to answer multiple required questions. (ECF No. 5). Plaintiff then filed an amended application to proceed *in forma pauperis* on January 30, 2023. (ECF No. 6). The court now finds that Plaintiff's amended application supports his claim and **GRANTS** his application to proceed *in forma pauperis.* However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

**II.     ANALYSIS AND CONCLUSIONS**

When an individual files an application to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). This subsection was included by Congress with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a claim may be dismissed by the court if "(i) [it] is frivolous or malicious, (ii) [it] fails to state a

claim on which relief may be granted, or (iii) [it] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. A claim must also have "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In Plaintiff's complaint, he alleges a "violation of [his] rights" in connection with an alleged interaction with the City of Grosse Pointe Woods police on November 22, 2022. (ECF No. 1, PageID.4). He claims that officers "beat [him] for about three minutes," and he was "left homeless and faced eviction." (*Id.*, PageID.6). Outside of these general allegations, however, Plaintiff does not describe any additional facts surrounding his claim. He does not detail the

circumstances surrounding his interaction with Defendants or any concrete injuries he may have suffered as a result.

Further, to the extent Plaintiff attempts to state a claim for excessive force, he fails to name an individual state actor responsible for his injuries, as required by 42 U.S.C. § 1983. *Hopper v. Montgomery Cnty. Sheriff*, 310 F. Supp. 3d 911, 927 (S.D. Ohio 2017), *aff'd in part, dismissed in part sub nom. Hopper v. Phil Plummer*, 887 F.3d 744 (6th Cir. 2018) ("with regard to excessive force claims, 'a plaintiff must prove that the officer (1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'") (citation omitted). Plaintiff also fails to provide sufficient facts to support a *Monell* claim against the City of Grosse Pointe Woods. To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged violation occurred because of a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Nowhere in Plaintiff's complaint does he allege that the City of Grosse Pointe Woods had any sort of policy, practice, or procedure that led to his alleged injury. Likewise, Plaintiff's complaint does not cross the line "from conceivable to

plausible," and cannot proceed without additional specific details about the incident in question. *Twombly*, 550 U.S. at 570.

## III.     CONCLUSION

After a careful review of Plaintiff's complaint, taking all allegations as true, the court is unable to discern any cognizable cause of action. Plaintiff's complaint fails to state a claim upon which relief could be granted. Therefore, while Plaintiff's application to proceed *in forma pauperis* is **GRANTED,** Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**.

Date: June 7, 2023                                         s/ F. Kay Behm
                                                                       F. Kay Behm
                                                                       United States District Judge